IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PATRICK EDOUARD** : | |
|     **Plaintiff,** : | |
| : | |
| v. : | **CIVIL ACTION NO. 25-CV-1180** |
| : | |
| **400 WALNUT LANE LLC,** *et al.*, : | |
|     **Defendants.** : | |

<u>**MEMORANDUM**</u>

**MARSTON, J.**                                                                                                          **March 14, 2025**

Plaintiff Patrick Edouard brings this *pro se* civil action against 400 Walnut Lane LLC and Joel Ortner. (Doc. No. 2.) Edouard also seeks leave to proceed *in forma pauperis*. (Doc. No. 1.) For the following reasons, the Court will grant Edouard *in forma pauperis* status and dismiss his Complaint.

**I.      FACTUAL ALLEGATIONS**[1]

On March 4, 2025, Edouard commenced this civil action seeking a stay of an ongoing state court landlord-tenant matter. (Doc. No. 2 at 1–6.) The state court docket in the landlord-tenant matter indicates that Edouard is scheduled to be evicted. *See 400 Walnut Lane LLC v. Patrick Elalio Edouard*, LT-22-07-05-3200 (Phila. Municipal Ct.). In his Complaint, Edouard presents no factual allegations in support of his claims and instead merely references the documents attached to his Complaint, which include various court orders and submissions by

---

[1] The facts set forth in this Memorandum are taken from the Complaint. The Court also takes judicial notice of the docket for the lawsuit underlying Edouard's claims. *See Buck v. Hampton Twp.*, 452 F.3d 256, 260 (3d Cir. 2006). The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

Edouard to the state courts. (*See* Doc. No. 2 at 4; Doc. No. 2-1 at 1–45.) Edouard requests that this Court issue an emergency stay of the eviction. (Doc. No. 2 at 5.)

## II. STANDARD OF REVIEW

The Court grants Edouard leave to proceed *in forma pauperis* because it appears that he cannot pay the fees to commence this civil action. Accordingly, the Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to screen and dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of a *pro se* litigant liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). This requires the Court to remain flexible, especially considering a litigant's *pro se* status. *Id*. The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id*. However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Id*. An unrepresented litigant also "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Id.; see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must

liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

### III.  DISCUSSION

While Edouard has not clearly articulated a basis for his claims, it is clear from his request for relief that he seeks an injunction staying the actions of the state court in the landlord-tenant matter.  (*See* Doc. No. 2 at 5.)  This Court cannot provide the relief that he seeks.

The Anti-Injunction Act "prohibits injunctions having the effect of staying proceedings in state courts except 'as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'"  *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 314 F.3d 99, 103 (3d Cir. 2002) (quoting 28 U.S.C. § 2283)).  "The Act 'is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions,'" which are to be construed narrowly.[2]  *Id.* (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)).

Courts in the Third Circuit have consistently held that "[t]he Anti-Injunction Act precludes a federal court from enjoining state court eviction or foreclosure proceedings." *McMillan v. Nationstar Mortg. Co.*, No. 20-1321, 2020 WL 4201605, at *2 (E.D. Pa. July 22, 2020) (collecting cases); *Frankel v. Guzman*, No. 20-5208, 2020 WL 6161512, at *2 (E.D. Pa. Oct. 21, 2020) (rejecting emergency request to enjoin eviction proceedings and noting weight of authority in Third Circuit to support holding); *Rhett v. Div. of Hous., Dep't of Cmty. Affairs*, No.

---

[2] Under the Anti-Injunction Act, a federal court may enjoin a state court proceeding only when: (1) expressly authorized by Congress; (2) where necessary in aid of its jurisdiction; or (3) to protect or effectuate its judgments.  *In re Prudential Ins. Co.*, 314 F.3d at 103.  Edouard's filing does not establish a plausible basis for concluding that any of those exceptions apply here.

3

14-5055, 2014 WL 7051787, at *3 n.2 (D.N.J. Dec. 12, 2014) ("[T]o the extent Plaintiff requests that this Court dismiss the eviction proceedings or order them transferred to this Court, the Anti–Injunction Act prohibits this Court from taking such action."); *Frankel v. Kessler*, No. 21-0093, 2021 WL 229321, at *5 (E.D. Pa. Jan. 22, 2021) (dismissing complaint on screening and denying temporary restraining order where claims related to state court eviction proceeding were barred by Anti-Injunction Act). Because Edouard seeks to enjoin an ongoing state eviction action, his claims are barred by the Anti-Injunction Act.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Edouard leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as barred by the Anti-Injunction Act. Leave to amend will not be given because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate Order follows dismissing this case.